Audrey HILL, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 89–7084.

United States Court of Appeals, Tenth Circuit.

Jan. 28, 1991.

Richard C. Howard of Legal Services of Eastern Oklahoma, Inc., Muskogee, Okl., Mary Mosshammer of Legal Services of Eastern Oklahoma, Inc., Hugo, Okl., for plaintiff-appellant.

Roger Hilfiger, U.S. Atty., Eastern District of Oklahoma, Sheldon J. Sperling, Asst. U.S. Atty., Gayla Fuller, Chief Counsel, Region VI, Karen J. Sharp, Principal Regional Counsel, Social Security Disability, Litigation Branch, Rodney A. Johnson, Asst. Regional Counsel, Office of the General Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

Before MOORE and BARRETT, Circuit Judges, and SPARR,** District Judge.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant appeals from an order of the district court affirming the final decision of the Secretary of the Department of Health and Human Services denying claimant supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383d. Claimant filed her application for benefits on March 16, 1987, alleging disability due to high blood pressure, back problems, and breathing problems. Her claim was denied administratively; she sought and received a *de novo* hearing before an administrative law judge (A.L.J.) on October 8, 1987. On January 11, 1988, the A.L.J. rendered his decision denying claimant benefits on the ground that her impairments did not prevent her from returning to her past relevant work and, therefore, she was not disabled. The Appeals Council denied claimant's request for review, so the decision of the A.L.J. became the final decision of the Secretary. The district court affirmed the Secretary's final decision and this appeal followed.

■ The Secretary's decision must be upheld if it is supported by substantial evidence and if the correct legal standards were applied. *See Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir.1987). Claimant raises three issues on appeal: whether the Secretary applied the correct legal standard when he failed to obtain medical records from Dr. Wiebe, one of claimant's treating physicians; whether the Secretary applied the correct legal standard when he failed to have a psychological evaluation of claimant's possible mental impairment performed; and whether the Secretary's determination that claimant was not disabled was supported by substantial evidence. We conclude that the Secretary failed to follow the proper procedures in evaluating claimant's potential mental impairment and, therefore, reverse.

Dr. Riddle, a specialist in psychiatry and family medicine, examined claimant on May 5, 1987, at the request of the Secretary. He diagnosed claimant as follows:

DIAGNOSIS I. Lumbar back strain, secondary to automobile accident with chronic pain and slightly decreased range of motion due to this. However, the patient had basically normal range of motion during the examination. DIAGNOSIS II. Hypertension-moderate; this

---

** Honorable Daniel B. Sparr, District Judge, United States District Court for the District Court of Colorado, sitting by designation.

has been controlled with Hydrochlorothiazide in the past; however, a second medication could be indicated at this time. DIAGNOSIS III. *Chronic fatigue and lack of energy; this possibly could be more likely to be chronic mental depression in this patient.* DIAGNOSIS IV. Occasional non-specific pains in the upper abdomen-etiology unknown. R. Vol. II at 131–32 (emphasis added).

▮ "[U]nder the Social Security Act, the claimant has the burden of proving a disability." *Dixon v. Heckler,* 811 F.2d 506, 510 (10th Cir.1987). Nonetheless, "the ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" *Id.* (quoting *Heckler v. Campbell,* 461 U.S. 458, 471 n. 1, 103 S.Ct. 1952, 1959 n. 1, 76 L.Ed.2d 66, 77 n. 1 (1983) (Brennan, J., concurring)). Furthermore, this duty of inquiry "takes on special urgency when the claimant [like claimant here] has little education and is unrepresented by counsel." *Id.*

▮ Claimant contends that the Secretary failed to develop the record fully and fairly by having a psychiatrist or psychologist evaluate her possible chronic depression. *See* 42 U.S.C. § 421(h); 20 C.F.R. § 416.920(a). The Secretary, relying on *Garcia v. Califano,* 625 F.2d 354 (10th Cir.1980), argues that claimant's potential mental impairment was not related to her claim for disability and, therefore, the Secretary had no duty of inquiry with respect to her chronic depression. *See id.* at 356 ("With or without representation, [claimant] was responsible for raising the matter of his depression if he relied on it as a basis for the disability claim."). We disagree.

*Garcia v. Califano* was decided prior to enactment of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984), and the promulgation of new regulations thereunder, both of which altered the standards for cases involving mental impairments. The new statutory provisions and regulations "appear[ ] to require a consultative examination on less evidence than may have been required previously." *McCall v. Bowen,* 846 F.2d 1317, 1320 (11th Cir.1988).

Section 8(a) of the Reform Act added subsection 421(h) to Title 42, which now provides that

[a]n initial determination . . . that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Secretary has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

42 U.S.C. § 421(h). This provision applies to claims for SSI, as well as those for disability insurance, benefits. *See id.* § 1382c(a)(3)(G). Following enactment of the Reform Act, the Secretary promulgated new regulations regarding the evaluation of mental impairments. These regulations require that a particular procedure be followed in evaluating a mental impairment and that a standard document outlining the steps of this procedure be completed at the initial, reconsideration, A.L.J. hearing, and Appeals Council levels. *See* 20 C.F.R. § 404.1520a.

In the present case, a psychiatrist diagnosed claimant as suffering from chronic fatigue, possibly as a result of chronic depression. Depression is a mental impairment contained in the Listings of Impairments. *Id.* Part 404, Subpt. P, App. 1, § 12.04. Furthermore, a witness for claimant testified at the hearing before the A.L.J. that claimant was tired all the time and fell asleep frequently throughout the day; claimant averred in an affidavit submitted to the Appeals Council: "I am just weak and tired all the time. I am just give out and I have to sit down. When I sit down, I fall over asleep. I am just beat all the time;" and claimant's friend averred in an affidavit submitted to the Appeals Council: "Audrey can not stay awake. . . . Audrey is always trying to move around to stay awake. My two daughters always pick at her to try to make her stay awake. She can't work because she is tried [sic]

and sleepy all the time and her back hurts." R.Vol. II at 10, 11.

Since the record contained evidence of a mental impairment that allegedly prevented claimant from working, the Secretary was required to follow the procedure for evaluating the potential mental impairment set forth in his regulations and to document the procedure accordingly. *See* 20 C.F.R. § 404.1520a. The Secretary failed to follow the appropriate procedure, so we must remand the case for proper consideration of claimant's potential mental impairment.

On remand, the Secretary also should make every reasonable effort to obtain the records from claimant's treating physician, Dr. Wiebe. *See* 42 U.S.C. § 423(d)(5)(B) ("In making any determination the Secretary shall make every reasonable effort to obtain from the individual's treating physician ... all medical evidence, including diagnostic tests, necessary in order to properly make such determination, prior to evaluating medical evidence obtained from any other source on a consultative basis."); *id.* § 1382c(a)(3)(G) ("In making determinations with respect to disability under this title, the provisions of sections 421(h), 421(k), and 423(d)(5) of this title shall apply in the same manner as they apply to determinations of disability under this subchapter [SSI].")

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED to the district court for remand to the Secretary for further proceedings consistent with this opinion.