949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth MILLER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-6157.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Kenneth Miller appeals from the district court's Order of February 19, 1991, affirming the decision of the Secretary of Health and Human Services to deny Claimant's request for social security benefits. Claimant applied for disability insurance and supplemental security income benefits on August 8, 1988, alleging he had been disabled since August 19, 1987, due to mental and physical impairments resulting from the amputation of his right arm following a work-related accident. His request for benefits was denied administratively. After a de novo hearing before an administrative law judge (ALJ), the ALJ also denied his application. Claimant sought review before the Appeals Council, which denied his request for review. The decision of the ALJ, therefore, became the final decision of the Secretary. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991).
 
 
 3
 We review the Secretary's decision to determine whether the findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989).
 
 
 4
 In evaluating a claimant's alleged disability due to mental impairments, the Secretary is required to follow a special procedure. Hill v. Sullivan, 924 F.2d 972, 974 (10th Cir.1991); Lankford v. Sullivan, 942 F.2d 301, 306 (6th Cir.1991). Essentially, the Secretary must determine whether a mental disorder exists and whether the disorder, or a combination of disorders, impacts the claimant's functioning to an extent that warrants a finding of disability. To accomplish this, pursuant to the applicable regulations, 20 C.F.R. § 404.1520a, "the agency must complete a 'standard document,' called a 'Psychiatric Review Technique Form,' which is essentially a checklist that tracks the requirements of the Listings of Mental Disorders." Woody v. Secretary of Health & Human Servs., 859 F.2d 1156, 1159 (3d Cir.1988) (citations omitted).
 
 
 5
 In filling out the Psychiatric Review Technique (PRT) form, the Secretary must first determine whether a claimant meets any of the listed impairments (the "A" Criteria). The "B" criteria portion of the form is "used to determine whether a mental disorder is sufficiently severe to warrant a finding of disability without an analysis of retained functional capacity." Id. at 1160-61.
 
 
 6
 The record before us shows that, as part of Claimant's post-amputation rehabilitation, he underwent short-term psychotherapy with Dr. Patricia Cossio. Dr. Cossio's final report following their weekly sessions indicates that Claimant's rehabilitation was successful and that, overall, his psychological adaptation to the loss of his arm was positive and uncomplicated. Appellant's App., Vol. II at 217. Following his rehabilitation, Claimant returned home and attempted to return to his former job, unsuccessfully.
 
 
 7
 Prior to Claimant's hearing before the ALJ, he underwent two days of testing and evaluation by Dr. Diane H. Williamson, a psychologist. She testified at the hearing in some detail about the tests and results and ultimately diagnosed Claimant as suffering from post-traumatic stress disorder. She specifically testified about Claimant's mental impairments in connection with the Listing of Impairments found in 20 C.F.R. pt. 404, subpt. P, app. 1, using the PRT form as a guide. During the hearing, the ALJ requested that Dr. Williamson fill out a PRT form. She opined that Claimant met the "A" criteria for listings § 12.04, affective disorder, § 12.06, anxiety-related disorder, and § 12.08, personality disorder. Under the "B" criteria, Dr. Williamson concluded that Claimant's impairments affected his functioning to a marked or severe degree, an assessment which, under the applicable regulations, would direct a finding of disability without resort to further analysis. Lankford, 942 F.2d at 309.
 
 
 8
 Following the hearing, the ALJ sua sponte required that Claimant undergo an additional consultative psychiatric examination, and for that purpose sent him to Dr. Ronald C. Passmore. It is undisputed that Dr. Passmore met with Claimant for no more than five minutes. Based on that brief examination, Dr. Passmore reported to the ALJ, rendering his opinion regarding Claimant.
 
 
 9
 Dr. Passmore's evaluation was limited to the effect of Claimant's mental problems on his ability to function, and consisted of a one and one-half page report and a Social Security form entitled "Medical Assessment of Ability to do Work-Related Activities (Mental)," on which a series of boxes had been checked. Dr. Passmore's report essentially concluded that Claimant's impairments do not affect his ability to do work-related activities or adjust to work settings and stresses. Dr. Williamson responded to Dr. Passmore's evaluation in a three-page letter, contradicting many of his findings based on her test results and her observations of Claimant.
 
 
 10
 Because of the limited time spent by Dr. Passmore in examining Claimant, and the form of his evaluation, Dr. Passmore's "findings" about Claimant's abilities are inherently suspect. See Frey v. Bowen, 816 F.2d 508, 515 (10th Cir.1987) ("findings of a nontreating physician based upon limited contact and examination are of suspect reliability"). Given that the record reflects a lengthy and detailed evaluation of Claimant by a psychologist, including testimony at the hearing setting forth the results of that evaluation and corresponding them to the agency's own PRT form, Dr. Passmore's evaluation, unaccompanied by supportive evidence or testimony, is not substantial evidence. Id.
 
 
 11
 The ALJ also filled out a PRT form, which is appended to his opinion. Appellee argues that, under Bernal, 851 F.2d at 302-03, the ALJ could do so without the help of a mental health professional. We find that case inapposite, but need not address the issues reserved by Bernal because, in any case, we conclude the ALJ's version of the PRT form is not supported by substantial evidence in the record.
 
 
 12
 The ALJ's version of the PRT form closely follows Dr. Williamson's version as to the "A" Criteria, resulting in and supporting his finding that Claimant "does have an affective disorder, anxiety-related disorder, and personality disorder." Under the "B" Criteria, however, the ALJ determined that Claimant's disorders affected his functioning only to a slight or moderate degree. This assessment was, apparently, based on Dr. Passmore's evaluation of Claimant. In light of our conclusion that Dr. Passmore's evaluation does not constitute substantial evidence, and because, without Dr. Passmore's evaluation, the record on appeal does not support the ALJ's version of the PRT form, we hold that the ALJ's evaluation of the "B" Criteria is not supported by substantial evidence.
 
 
 13
 In adopting Dr. Passmore's evaluation of Claimant as the basis for his own version of the PRT form, the ALJ necessarily rejected Dr. Williamson's conclusions. "To the extent the Secretary rejected or discounted the reports of the only psychiatrist[ ] to examine [the Claimant], we find his explanation wholly unsatisfying." Woody, 859 F.2d at 1161. Disregarding Dr. Passmore's evaluation, the evidence in the record supports Dr. Williamson's assessment of the "B" criteria with respect to Claimant. No substantial evidence exists in the record on which the Secretary could otherwise base his evaluation of the "B" Criteria. Nor could the Secretary substitute his own opinion for that indicated and supported by competent and substantial medical evidence. See id. Accordingly, we hold that the evidence in the record on appeal supports a finding of disability because Claimant's impairments are equal to a listed impairment under 20 C.F.R. pt. 404, subpt. P, app. 1. See Lankford, 942 F.2d at 309.
 
 
 14
 In addition to the suspect nature of Dr. Passmore's evaluation, we note that the ALJ's choice in seeking a consultative examination in this case is questionable at best. Although the pertinent regulations allow for consultative examinations "[t]o resolve conflicts or differences in medical findings or assessments in the evidence," 20 C.F.R. § 404.1517(b)(3), the ALJ failed to identify any conflict resulting from Dr. Williamson's testimony which might have given rise to a need for further medical evidence. The ALJ also wholly failed to explain why Dr. Williamson's evaluation was given lesser weight in comparison with the results of Dr. Passmore's five-minute review, failed to explain how Dr. Passmore's evaluation was more consistent with other medical testimony than was Dr. Williamson's evaluation, failed to discuss Dr. Williamson's rebuttal of Dr. Passmore's evaluation, and generally failed to discuss the evidence supporting his version of the PRT form. See Woody, 859 F.2d at 1159 (ALJ must discuss evidence considered in reaching conclusions expressed on the form); 20 C.F.R. § 404.1520a(c)(4).
 
 
 15
 Both before the district court and on appeal, Claimant alleges disability resulting from the loss of his arm, certain mental impairments and phantom pain. Because we conclude his mental impairments alone establish disability, we need not address the parties' arguments on appeal relative to his physical loss or alleged phantom pain.
 
 
 16
 " 'In reversing the Secretary's determination, it is within our discretion to remand to the Secretary for a further hearing or direct the district court to award benefits.' " Emory v. Sullivan, 936 F.2d at 1095 (quoting Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir.1987)). We direct the district court to award benefits. This is not a case of developing legal standards or policy interpretations. See Allen v. Bowen, 881 F.2d 37, 44 (3d Cir.1989). The competent medical evidence before this court establishes Claimant's disability resulting from mental impairments meeting the Secretary's listings, as analyzed above. We decline to remand to give the Secretary a second chance. See Woody, 859 F.2d at 1162-63 (where evidence did not rebut Claimant's case of disability due to mental impairments and ALJ "avoided a decision in [the Claimant's] favor only by effectively bypassing the issue concerning the effects of the mental impairment," award of benefits appropriate).
 
 
 17
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and REMANDED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3