999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jessie D. MYERS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-5252.
 United States Court of Appeals, Tenth Circuit.
 July 15, 1993.
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Claimant Jessie D. Myers appeals from an order of the district court affirming the final decision of the Secretary of the Department of Health and Human Services denying his application for social security disability benefits. Mr. Myers had received disability benefits from 1976 to 1980 for back problems. After these benefits were terminated and a subsequent application denied, Mr. Myers worked from 1982 to 1987. On May 29, 1987, he reinjured his back in an on-the-job injury that occurred when he was unloading a truck. He has not worked and claims he has been disabled since that time due to severe back pain.
 
 
 6
 The administrative law judge (ALJ) denied benefits at step four of the five-part sequential evaluation process for determining disability. See 20 C.F.R. §§ 404.1520(a)-(f); see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (discussing five-step process). The ALJ determined that Mr. Myers retained the residual functional capacity to do light work and, therefore, could return to his past work as an assistant manager of a trucking company and a salesman, which were light work. The ALJ therefore concluded that Mr. Myers was not disabled. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.
 
 
 7
 "The Secretary's decision must be upheld if it is supported by substantial evidence and if the correct legal standards were applied." Hill v. Sullivan, 924 F.2d 972, 973 (10th Cir.1991). Mr. Myers contends that the ALJ's finding that he is not disabled by severe pain is not supported by substantial evidence, and that the ALJ failed to give proper weight to the opinions of Mr. Myers' treating physicians.
 
 
 8
 We have considered Mr. Myers' arguments and have reviewed the record carefully. We affirm for substantially the same reasons stated by the district court in its order filed October 16, 1992, a copy of which is attached.
 
 
 9
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF OKLAHOMA
 
 10
 Jessie D. Myers, Plaintiff,
 
 
 11
 vs.
 
 
 12
 Louis W. Sullivan, M.D., Secretary of Health and Human
 
 
 13
 Services, Defendants.
 
 Case No. 91-C-755-B
 
 14
 Oct. 10, 1992.
 
 ORDER
 
 15
 Before the Court for consideration are the objections of the Plaintiff, Jessie D. Myers ("Myers"), to the Magistrate Judge's Findings and Recommendation ("F & R") to affirm the Administrative Law Judge's ("ALJ") denial of disability insurance benefits.
 
 
 16
 Myers filed an application for social security disability benefits (hereinafter "benefits") with the Defendant on October 28, 1987, based on residual back pain from a back injury which occurred on May 29, 1987. Myers application was denied on December 18, 1987, and Myers did not pursue the matter further.
 
 
 17
 Myers again filed for benefits on July 3, 1989, based on the same alleged "back problems". This application was originally denied on August 7, 1989, and again upon reconsideration on November 8, 1989. After an administrative hearing, the ALJ issued a denial Decision on November 14, 1990, and the Appeals Council denied the Plaintiff's request for review on July 26, 1991.
 
 
 18
 The Plaintiff filed this action on September 25, 1991, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the administrative decision to deny benefits under §§ 216(i) and 223 of the Social Security Act. This matter was referred to the Magistrate Judge, who entered his F & R on July 30, 1992, recommending that the denial of benefits be affirmed.
 
 
 19
 Myers filed his objections to the F & R on August 10, 1992, and set forth three grounds for reversing the ALJ's denial of benefits:
 
 
 20
 1) The Findings of the Secretary of Health and Human Services are not based on substantial evidence.
 
 
 21
 2) The Administrative Law Judge's denial decision erroneously failed to follow the opinions of the plaintiff's treating physicians.
 
 
 22
 3) That the A.L.J. erroneously found that the plaintiff's allegations of pain were not credible.
 
 
 23
 The Social Security Act entitles every individual who "is under a disability" to a disability insurance benefit. 42 U.S.C.A. § 423(a)(1)(D) (1983). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of an medically determinable physical or mental impairment." Id. § 423(d)(1)(A). An individual
 
 
 24
 "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."
 
 
 25
 Id. § 423(d)(2)(A).
 
 
 26
 The Secretary has established a five-step process for evaluating a disability claim. See, Bowen v. Yuckert, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The five steps, as set forth in Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988), proceed as follows:
 
 
 27
 (1) A person who is working is not disabled. 20 C.F.R. § 416.920(b).
 
 
 28
 (2) A person who does not have an impairment or combination of impairments severe enough to limit his ability to do basic work activities is not disabled. 20 C.F.R. § 416.920(c).
 
 
 29
 (3) A person whose impairment meets or equals one of the impairments listed in the "Listing of Impairments," 20 C.F.R. § 404, subpt. P, app. 1, is conclusively presumed to be disabled. 20 C.F.R. § 416.920(d).
 
 
 30
 (4) A person who is able to perform work he has done in the past is not disabled. 20 C.F.R. § 416.920(e).
 
 
 31
 (5) A person whose impairment precludes performance of past work is disabled unless the Secretary demonstrates that the person can perform other work available in the national economy. Factors to be considered are age, education, past work experience, and residual functional capacity. 20 C.F.R. § 416.920(f).
 
 
 32
 If at any point in the process the Secretary find that a person is disabled or not disabled, the review ends. Reyes, 845 F.2d at 243; Talbot v. Heckler, 814 F.2d 1456, 1460 (10th Cir.1987); 20 C.F.R. § 416.920.
 
 
 33
 The ALJ followed the five-step approach set forth in Reyes and concluded:
 
 
 34
 1) There was no evidence that Myers had performed substantial gainful activity since his alleged injury on May 29, 1987;
 
 
 35
 2) Myers does have a vocationally severe impairment;
 
 
 36
 3) Myers does not have a listed impairment; and
 
 
 37
 4) Myers is capable of performing past relevant work and is therefore not disabled.
 
 
 38
 The ALJ found that Myers had the "residual functional capacity to perform work-related activities, except for work involving occasional lifting of more than 20 pounds at a time, frequent lifting and carrying of objects weighing up to 10 pounds, repetitive bending, stooping, and kneeling, and operating dangerous machinery" (TR 18). He found that claimant's past relevant work as an assistant manager of a trucking company and a salesman did not require performance of work-related activities precluded by these limitations (Id.).
 
 
 39
 The Secretary's findings stand if such findings are supported by substantial evidence, considering the record as a whole. Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988); Campbell v. Bowen, 822 F.2d 1518, 1521 (10th Cir.1987). "Substantial evidence" requires "more than a scintilla, but less than a preponderance," and is satisfied by such relevant "evidence that a reasonable mind might accept to support the conclusion." Campbell v. Bowen, 822 F.2d at 1521; Brown, 801 F.2d at 362.
 
 
 40
 The Plaintiff has the burden to show that he is unable to return to the prior work he performed. Bernal, 851 F.2d at 299. The Plaintiff's argument for reversal is based solely on the ALJ's evaluation of the evidence. Plaintiff contends that there was no substantial evidence to support the ALJ's findings, that the ALJ improperly weighed the evidence of treating physicians and that the ALJ improperly evaluated the credibility of the Plaintiff. Specifically, Plaintiff contends that the ALJ erroneously concluded that the Plaintiff could perform his past relevant work.
 
 
 41
 After a thorough review of the medical records and testimony, the Court does find substantial evidence in the record to support the ALJ's findings that Myers impairment does not prevent him from performing his past relevant work. The following is a breif summary of some of the relevant medical evidence presented to the ALJ.
 
 
 42
 The medical records indicate Myers was examined by David G. Carr, D.O., on June 25, 1987 (TR 343-344, 349-350). Dr. Carr reported that an examination of the lower extremities revealed no paresis, atrophy, fasciculations, tremors, or sensory deficits (TR 344). Deep tendon reflexes were equal, bilaterally, and no pathologic reflexes were present (TR 344, 349-350). Although Myers complained of pain around the sacroiliac joint caused by straight leg raising maneuvers, there were no radicular complaints and range of motion of the hips was normal (Id.). Myers was able to heal and toe walk successfully (Id.). Dr. Carr's reported impression included right sacroiliac strain (Id.). Dr. Carr reported there was no evidence of lumbar disk disease, and he recommended continued conservative treatment (TR 344, 349-350).
 
 
 43
 Myers was admitted to the hospital on August 4, 1987, for a lumbar myelogram and for evaluation of "intermittent" lower back pain (TR 349-351). The lumbar myelogram was essentially normal (TR 349, 351). Dr. Carr reported that a post myelogram computerized axial tomography (CAT) scan indicated the presence of (1) epidural and perineural fibrosis, right L5-S1 level, with nerve root compression; and (2) bulging L4-5 disk (Id.). Dr. Carr indicated however, that differentiation of previous surgery changes from new findings on the CAT scan were unclear (Id.). Ultimately, Dr. Carr recommended continued conservative treatment together with epidural steroid injections (TR 15, 350).
 
 
 44
 On March 10, 1988, Myers was examined by M.R. Workman, M.D., (TR 356-368). Dr. Workman reported that he found no evidence of any nerve root irritation that would indicate that a disc was ruptured in May 1987 (TR 357-358). Dr. Workman concluded that claimant's condition was compatible with an aggravation of his past back problems and thus recommended a rehabilitative back care program (Id.). Once Myers reported that he had not received any benefit from the program, Dr. Workman discontinued the rehabilitative program on July 27, 1988 and referred claimant to Frank S. Letcher, M.D., a neurosurgeon, for further evaluation (TR 356, 359).
 
 
 45
 Myers was examined by Dr. Letcher on October 7, 1988. Dr. Letcher reported that Myers was able to rise from a seated position easily and walked with a normal gait and station (TR 420). Myers reported that any degree of bending forward caused him intolerable lower back pain, yet when asked to be seated on the floor, which involved similar bending, Dr. Letcher reported that he did so easily (Id.). When seated on the edge of the examining table, Myers was reportedly able to extend both legs fully, producing the equivalent of a 90 degree bend at the hips (Id.). Myers also demonstrated positive straight-leg raising bilaterally at 45 degrees, no detectable focal motor weakness, and no consistent sensory loss in the lower extremities (Id.). Dr. Letcher found no evidence of any significant nerve root irritation establishing a need for further neurological studies. He reported that there appeared to be evidence of a significant functional component to Myers pain (Id.).
 
 
 46
 Myers continued treatment for his chronic lower back pain from Dr. Ronald L. Heim in the summer of 1989 (TR 379-380). His medication included Extra Strength Tylenol and Tylenol 3 for "bad" days (Id.). Dr. Heim stated on August 16, 1990, that Myers daily back pain was "mild" with "occasional severe pain which requires bed-rest" (TR 425). However, Dr. Heim concluded that claimant could not perform light work on a sustained, full-time basis (TR 426).
 
 
 47
 The ALJ considered this and other medical evidence and concluded that Myers could perform past relevant work. The findings of the Secretary as to any fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). It is not the duty of this Court to reweigh the evidence or substitute its discretion for that of the ALJ. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991); Casias v. Secretary of Health & Human Services, 933 F.2d 799, 800 (10th Cir.1991). Although there are a wide range of opinions from various doctors as to Myers condition and ability to return to work, there certainly is substantial evidence to support the ALJ's finding that Myers is able to perform his past relevant work.
 
 
 48
 Myers next argues that the ALJ did not give the proper weight to the opinions of the treating physicians (Dr. Heim and Dr. Page) and the vocational expert (Cheryl Mallon). A treating physicians opinion is entitled to extra weight unless it is contradicted by substantial evidence. Kemp v. Bowen, 816 F.2d 1469, 1476 (10th Cir.1987); Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987); Turner v. Heckler, 754 F.2d 326, 329 (10th Cir.1985); Mongeur v. Heckler, 722 F.2d 1033, 1039 (2nd Cir.1983).
 
 
 49
 The ALJ considered the opinion of Dr. Heim and noted that on Aug. 16, 1990, Dr. Heim stated that Myers daily back pain was "mild" with only "occasional" severe pain which required bedrest (TR 16). However, the ALJ was more persuaded by the medical assessments of Dr. Workman, Dr. Letcher and Dr. Carr. The ALJ stated that he was not giving as much weight to Dr. Page's assessment that Myers was 100 percent disabled because Dr. Page, a general practitioner, had not treated Myers on a regular, continuous basis.
 
 
 50
 Determining the credibility of the witnesses and the evidence is solely the province of the ALJ. Williams v. Bowen, 844 F.2d 748, 755 (10th Cir.1988). The ALJ can decide to believe all or any portion of any witness's testimony or evidence. In this case, the ALJ found the opinions of Dr. Workman, Dr. Letcher and Dr. Carr to be credible and to amount to substantial evidence contradicting the opinion of Dr. Heim, a treating physician.
 
 
 51
 The ALJ did not err by giving less weight to the opinions of Dr. Heim and Dr. Page. Likewise, the ALJ did not err in only relying on portions of Cheryl Mallon's testimony[1].
 
 
 52
 Myers final argument is that the ALJ did not properly evaluate his claim that the pain he was suffering was disabling. The ALJ found that Myers testimony as to pain was not credible and that his pain was not disabling.
 
 
 53
 The Tenth Circuit has said that "subjective complaints of pain must be accompanied by medical evidence and may be disregarded if unsupported by clinical findings." Frey v. Bowen, 816 F.2d 508, 515 (10th Cir.1987). The medical records must be consistent with the nonmedical testimony as to the severity of the pain. Huston v. Bowen, 838 F.2d 1125, 1131 (10th Cir.1988).
 
 
 54
 The ALJ considered all the evidence and the factors for evaluating subjective pain set forth in Luna v. Bowen, 834 F.2d 161, 165 (10th Cir.1987), and concluded Myers pain was not disabling. The ALJ stated that the objective medical evidence showed no underlying medical condition so severe as to produce severe, disabling pain (TR 17). In addition, the ALJ noted that claimant's daily activities included driving his wife four miles to work, watching television, reading, grocery shopping, going to church, and visiting family members (TR 17, 54-55, 58-59). Such activities are inconsistent with a claim of incapacitating pain.
 
 
 55
 Substantial evidence supports the ALJ's conclusion that Myers' allegations of pain were not credible to the extent that they precluded returning to his past work.
 
 
 56
 The Magistrate Judge found no error in the ALJ's evaluation and findings. Likewise, this Court finds that there is sufficient relevant evidence in the record to support the ALJ's ruling that the Plaintiff is able to perform his prior work. The Secretary's decision is, therefore, AFFIRMED.
 
 
 57
 IT IS SO ORDERED THIS 16th DAY OF OCTOBER, 1992.
 
 
 58
 ------/s/ Thomas R. Brett
 
 
 59
 ------/s/ UNITED STATES DISTRICT JUDGE
 
 
 
 *
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The ALJ did rely on portions of Mallon's testimony despite the fact that a vocational expert is not necessary when the ALJ determines that the claimant can return to past relevant work