25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dan K. HILL, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-5259.
 United States Court of Appeals,
Tenth Circuit.
 June 2, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,** District
 
 
 2
 ORDER AND JUDGMENT[1] Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Claimant Dan K. Hill appeals from an order of the district court affirming the final decision of the Secretary of the Department of Health and Human Services denying his application for social security disability benefits.[2] Mr. Hill claimed that he was disabled due to back pain. The administrative law judge (ALJ) denied benefits at step five of the five-part sequential evaluation process for determining disability. See 20 C.F.R. 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(discussing five-step process). The ALJ determined that while Mr. Hill could not perform his past relevant work, which fell into the medium and heavy categories, he did retain the residual functional capacity to do light work. Relying on the medical-vocational guidelines (grids), 20 C.F.R. 404, Subpt. P, App. 2, Rule 202.20, as a framework for his analysis, the ALJ concluded that Mr. Hill was not disabled.
 
 
 5
 We have jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291. "The Secretary's decision must be upheld if it is supported by substantial evidence and if the correct legal standards were applied." Hill v. Sullivan, 924 F.2d 972, 973 (10th Cir.1991). To be substantial, the evidence must be "more than a mere scintilla" and must be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir.1993)(quotations omitted).
 
 
 6
 On appeal, Mr. Hill claims that the ALJ erred by not finding him disabled due to severe pain and by not calling a vocational expert. We have considered Mr. Hill's arguments and have reviewed the record carefully. We affirm the district court's order for substantially the same reasons as stated in the magistrate judge's February 10, 1993 report and recommendation, which was adopted by the district court.
 
 
 7
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In a settlement report filed by Mr. Hill's counsel, we were informed that Mr. Hill is now deceased. No motion for substitution of his personal representative as plaintiff-appellant has been filed. See Fed.R.App.P. 43(a). Mr. Hill's death does not moot this appeal, and we will address its merits. Our conclusions are based on the evidence of disability at the time the case was submitted to the administrative law judge
 The settlement report also noted that medical records that apparently had not been presented to the ALJ were being sent to defendant-appellee. These records were not considered below and will not be considered on this appeal.