56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Ray WATSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 94-3386.
 United States Court of Appeals, Tenth Circuit.
 May 25, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Claimant James Watson appeals from an order of the district court affirming the final decision of the Secretary of the Department of Health and Human Services denying his application for disability insurance benefits. Mr. Watson claims that he is disabled due to back pain. The administrative law judge (ALJ) denied benefits at step five of the five-part sequential evaluation process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step process). The ALJ determined that Mr. Watson retained the residual functional capacity to perform light work. Applying the medical-vocational guidelines (grids), 20 C.F.R. Sec. 404, Subpt. P, App. 2, Rule 202.11, the ALJ concluded that Mr. Watson was not disabled.
 
 
 2
 We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Hill v. Sullivan, 924 F.2d 972, 973 (10th Cir. 1991). Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991).
 
 
 3
 On appeal, Mr. Watson claims that the ALJ's decision that he is not disabled by severe pain is not supported by substantial evidence and that the ALJ should not have relied on the grids to find him not disabled. We have reviewed the record and agree with the district court's analysis and conclusion that the ALJ correctly analyzed Mr. Watson's claim of severe pain, see Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir. 1987), and that the ALJ's determination that he is not disabled by pain is supported by substantial evidence. Additionally, there is substantial evidence supporting the ALJ's determination that Mr. Watson's testimony regarding the severity of his pain was not credible. Reliance on the grids was therefore proper. Huston v. Bowen, 838 F.2d 1125, 1131 (10th Cir. 1988).
 
 
 4
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470