64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Danny R. WILLIAMS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 94-5237.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Danny R. Williams appeals from an order of the district court affirming the final decision of the Secretary of the Department of Health and Human Services denying his application for supplemental security income. Mr. Williams claims that he is disabled due to mental impairments. The administrative law judge (ALJ) denied benefits at step five of the five-part sequential evaluation process for determining disability. See 20 C.F.R. 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(discussing five-step process). The ALJ determined that Mr. Williams retained the residual functional capacity to perform medium work and that because there was an adequate number of jobs in the national and local economy he could perform, he was not disabled.
 
 
 3
 On appeal, Mr. Williams raises two related arguments: that the ALJ erred by failing to consider the limiting effects of his mental impairments in the step-five analysis and that the ALJ erred by relying solely on the medical-vocational guidelines (grids), 20 C.F.R. 404, Subpt. P, App. 2, Table 3, Rule 203.28, in determining that he was not disabled. We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Hill v. Sullivan, 924 F.2d 972, 973 (10th Cir.1991). Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991).
 
 
 4
 At step five, an ALJ may not rely solely on the grids in determining that a claimant is not disabled when the claimant suffers from nonexertional limitations such as mental impairments. Id. at 1490. The grids may be used as a framework for evaluating disability, and when combined with evidence such as relevant testimony by a vocational expert, may support a finding of nondisability. See id. In the section of the ALJ's decision labeled "Findings," the ALJ indicated he relied solely on the grids in finding Mr. Williams not disabled. Appellant's App., Vol. II at 36-37. However, in the analysis section of his decision, the ALJ referred to his questioning of a vocational expert regarding Mr. Williams' ability to work considering Mr. Williams' mental impairments. Id. at 34-35. (Mr. Williams does not challenge the adequacy or completeness of the hypothetical questions posed to the expert.) The expert testified that there were a variety of medium, light and sedentary jobs that Mr. Williams could perform, id., and the ALJ relied on this testimony in finding Mr. Williams not disabled. After reviewing Mr. Williams' work capability under the grids, the ALJ stated in his analysis section that "using the above as a framework for decisionmaking and relying upon the testimony of the vocational expert, the [ALJ] further finds that there would be a significant number of jobs existing in the national economy that the claimant could perform. Therefore, the [ALJ] finds that the claimant is 'not disabled'...." Id. at 35.
 
 
 5
 Though it would have been preferable for the ALJ to have stated in the findings section of his decision that he considered Mr. Williams' mental impairments at step five and used the grids only as a framework, his failure to do so is not reversible error. It is clear from the ALJ's decision that he considered Mr. Williams' mental impairments and properly relied on the grids. Procedural imperfection that does not affect a party's substantive rights is not a basis for reversal. See Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988).
 
 
 6
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470