UNITED STATES COURT OF APPEALS

**Filed 11/8/95**

TENTH CIRCUIT

RUTH N. COPKNEY, )
)
    Plaintiff-Appellant, )
)     No. 95-7056
v. ) (D.C. No. CV-94-105-S)
)     (E.D. Okla.)
SHIRLEY S. CHATER, )
Commissioner of Social Security, )
)
    Defendant-Appellee. )

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Ms. Ruth N. Copkney appeals the district court's affirmance

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

of the determination of the Secretary[1] that she is not disabled for social security purposes.  Ms. Copkney asserts, <u>inter alia</u>, that (1) the ALJ's assessment of her Residual Functional Capacity (RFC) was not supported by substantial evidence because the ALJ did not receive a statement from an examining physician describing what Ms. Copkney could do despite her impairments; and (2) the ALJ violated 42 U.S.C. § 423(d)(5)(B) when he failed to obtain medical records from her treating physician.  We reverse.[2]

We are bound by the substantial evidence test, which requires the ALJ's findings to be supported by "more than a scintilla" of evidence.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).  That "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Id.</u>  In addition, the ALJ must apply the correct legal standards.  <u>Hill v. Sullivan</u>, 924 F.2d 972, 973 (10th Cir. 1991).

Ms. Copkney cites 20 C.F.R. § 404.1513(b)(6) for the

---

[1]Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.  Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[2]Because we reverse and remand, we need not reach the other issues raised by Ms. Copkney.

proposition that the ALJ's assessment of her RFC was not supported by substantial evidence because the ALJ failed to receive a statement from Dr. Winters or Dr. Dean describing the work she could perform despite her impairments. The proposition is unsupportable. While the regulation states that a medical source statement will be requested, it further states that "the lack of the medical source statement will not make the report incomplete." 20 C.F.R. § 404.1513(b)(6).

Ms. Copkney also argues that the ALJ violated 42 U.S.C. § 423(d)(5)(B) because he breached his duty to fully develop the record when he failed to obtain medical reports from her treating physician. Specifically, Ms. Copkney asserts the ALJ failed to obtain medical reports that could have confirmed whether she met the Commissioner's Listing of Impairment for obesity. 20 C.F.R. 404, Subpt. P, App. 1 § 9.09. The record shows that she met the initial height and weight criteria for the obesity Listing. Rec., vol. II at 281-283, 286. During the ALJ hearing, Ms. Copkney testified that her treating physician, on two or three occasions, informed her that her blood pressure was "running high." Id. at 47. She also testified that she had arthritis. Id. at 47-48. The ALJ informed Ms. Copkney that he would "write to Dr. Winters and get any updated medical reports that he might have." Id. at 62.

"[T]he ALJ has a basic duty of inquiry to fully and fairly

develop the record as to material issues." <u>Baca v. Department of Health & Human Services</u>, 5 F.3d 476, 479-80 (10th Cir. 1993), <u>cf.</u> <u>Hill v. Sullivan</u>, 924 F.2d at 975 ("[T]he Secretary [] should make every reasonable effort to obtain the records from claimant's treating physician."). Because Ms. Copkney was unrepresented at the ALJ hearing, "[t]he ALJ's duty to develop the record is heightened." <u>Musgrave v. Sullivan</u>, 966 F.2d 1371, 1374 (10th Cir. 1992) (citing <u>Dixon v. Heckler</u>, 811 F.2d 506, 510 (10th Cir. 1987)). The record contains no medical reports or references to medical reports from the twelve months prior to the ALJ's decision, the period from which the ALJ stated he would obtain updated medical reports. We hold that the ALJ failed to make every reasonable effort to obtain the medical reports from Ms. Copkney's treating physician.

For the foregoing reasons, we remand the case to the district court so that it may remand to the Secretary to obtain the relevant medical records and to redetermine whether Ms. Copkney met one of the Secretary's Listing of Impairments or was otherwise disabled.

**REVERSED AND REMANDED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-4-