UNITED STATES COURT OF APPEALS

Filed 10/30/96

FOR THE TENTH CIRCUIT

RICHARD P. HILL,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

     Defendant-Appellee.

No. 96-2035
(D.C. No. CIV-94-84-JP)
(D. N.M.)

ORDER AND JUDGMENT[**]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[***] District
Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. Pursuant to Fed. R. Civ. P. 25(d), the district
court substituted Shirley S. Chater, Commissioner of Social Security, for Donna
E. Shalala, Secretary of Health and Human Services, as the defendant in this
action. Although we have substituted the Commissioner for the Secretary in the
caption, in the text we continue to refer to the Secretary because she was the
appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable G. Thomas Van Bebber, Chief Judge, United States District
Court for the District of Kansas, sitting by designation.

_____

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Richard P. Hill appeals from an order of the district court affirming the Secretary's decision denying his application for social security disability benefits and Supplemental Security Income (SSI). Mr. Hill filed for disability benefits and SSI on May 11, 1992. He alleged disability due to problems with his left ankle, his right shoulder, and two vertebrae in his back; a heart attack; and a nervous breakdown. His requests were denied initially and on reconsideration. Following a de novo hearing on March 3, 1993, an administrative law judge (ALJ) determined that he was not disabled within the meaning of the Social Security Act. Mr. Hill presented additional evidence before the Appeals Council, which denied review. He then filed suit in district court. The district court affirmed the Secretary's decision, and he appealed to this court.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of

<u>Health & Human Servs.</u>, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." <u>Fowler v. Bowen</u>, 876 F.2d 1451, 1453 (10th

Cir. 1989)(quotation omitted).

The Secretary has established a five-step evaluation process for

determining whether a claimant is disabled within the meaning of the Social

Security Act. <u>See</u> <u>Williams v. Bowen</u>, 844 F.2d 748, 750-52 (10th Cir.

1988)(discussing five-step disability test). Mr. Hill argues here that the Secretary

erred in finding, at step two, that he had no severe mental impairment. The

Secretary analyzes this case at step five, arguing that the ALJ properly found that

Mr. Hill's mental impairments did not preclude him from performing sedentary

work. We are thus faced with the threshold question of which step the Secretary

reached in evaluating Mr. Hill's mental impairments.

The ALJ discussed Mr. Hill's mental impairments in that section of his

decision devoted to residual functional capacity (RFC). There, he stated the

following:

> Despite his testimony at the hearing that he feels anxious and
> depressed, there is no evidence of any of the types of nonexertional
> limitations on employment as set out in Section 12.00 <u>et</u> <u>seq.</u>,
> Subpart P, Appendix 1.
>
> . . . .

I find nothing in the documentary record to indicate a significantly limiting psychiatric disorder from a functional standpoint.

. . . .

[T]here is no finding, sign, or medical diagnosis of the existence of any psychiatric problem which is significantly tangible to warrant further development.

Appellant's App. at 79-81.

The ALJ stated that he found no "significantly limiting" mental disorder "from a functional standpoint." Id. at 80. This is step two language. See 20 C.F.R. §§ 404.1520(c); 404.1520a(b)(3) and (c)(1); 416.920(c). Moreover, the ALJ completed a psychiatric review technique (PRT) form, in which he concluded the alleged mental impairment was "not severe." Appellant's App. at 84. Although the ALJ reached step five in his evaluation of Mr. Hill's physical impairments, we conclude that he rejected his claim of mental impairment at step two.[1]

---

[1] The appeals council stated that new evidence presented to it "appears consistent . . . with the [ALJ's] conclusion that you retain the capacity to perform work in the national economy." Appellant's App. at 50-51. We do not read this as an acknowledgment that the alleged mental impairment is severe. See 20 C.F.R. § 1520a(c). The appeals council did not complete a new PRT form. See id. § 1520a(d)(2). Only the ALJ's form, rating Mr. Hill's mental impairment as nonsevere, appears in the record. See Hill v. Sullivan, 924 F.2d 972, 974 (10th Cir. 1991)(discussing necessity for completing PRT form in analyzing claims of mental impairment). Moreover, the appeals council stated that the new evidence "indicates, in part, that your intellectual functioning is normal." Appellant's App. at 50 (emphasis added). The only credible reading of the appeals council's

(continued...)

At step two, a claimant need only make a "de minimus" showing of medical severity.  See Williams, 844 F.2d at 751.  An impairment is not severe only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered."  SSR 85-28, 1985 WL 56856, at *3.

The ALJ had before him a relatively recent mental status examination prepared by Dr. Balcazar, a consulting physician.  Dr. Balcazar concluded that Mr. Hill was "not showing any well-defined psychiatric problem at the present." Appellant's App. at 205.  Dr. Balcazar further stated that if Mr. Hill had a handicap, it was of a physical nature.  Id. at 206.  The record before the ALJ, including Dr. Balcazar's report, thus supports his finding at step two of no severe mental impairment.

However, this is not the end of our inquiry.  In making our substantial evidence determination we must also review the additional evidence presented to the appeals council.  See O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994). Mr. Hill presented the appeals council with a report by Dr. Bradshaw, dated August 28, 1993, in which he diagnosed Mr. Hill with dysthymia, possible

_____

[1](...continued)
decision is that Mr. Hill's mental impairment, if any, is not sufficiently severe to significantly limit his ability to work.  This determination is properly reviewed at step two.

bi-polar disorder, "occupational problem," and borderline personality disorder.

Id. at 62. Dr. Bradshaw stated that people with

> this type of personality pattern are usually very unstable with regards to their moods. They do have interpersonal relationship problems, and they have self-image problems. They are typically extremely impulsive and show a lack of emotional control, especially when it comes to displaying anger. Certainly these types of problems make it difficult for an individual to get along with others in a job setting.

Id. Dr. Bradshaw also completed a "Medical Assessment of Ability to do Work-Related Activities (Mental)" form, in which he rated Mr. Hill's ability to relate to coworkers, deal with public, interact with supervisors, deal with work stresses, understand, remember and carry out complex job instructions, maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability, as either "fair" or "poor." Id. at 64-65. Use of term "fair" (or "poor") on this form is evidence of disability. See Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 618 (10th Cir. 1995).

Dr. Bradshaw's evidence, which was neither rejected nor refuted by the appeals council, meets Mr. Hill's burden at step two. We must therefore remand

for further proceedings in  sequential analysis in light of Dr. Bradshaw's findings.

The judgment of the United States District Court for the District of New Mexico is REVERSED, and this case is REMANDED to the district court with instructions to remand it to the Secretary for further proceedings.

Entered for the Court

G. Thomas Van Bebber
District Judge