986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Betty J. HUTCHINS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-7074.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1993.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Betty J. Hutchins appeals from a district court order affirming the Secretary's decision to deny supplemental security income benefits under Title II of the Social Security Act. We review the record "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). Satisfied in both of these respects, we affirm the Secretary's denial of benefits.
 
 
 3
 Plaintiff alleged a disability commencing in May of 1987, caused by numerous psychological and physical impairments. As the administrative law judge (ALJ) noted, however, the focus of plaintiff's disability claim shifted somewhat over the course of the three separate evidentiary hearings held in this case, from bodily conditions, such as back pain, arthritis, high blood pressure, headaches, faulty vision, and diarrhea, to the mental disorders of depression and dependant personality. The details of these complaints, as well as the relevant medical evidence, are thoroughly recounted in the ALJ's third, and final, decision denying benefits.
 
 
 4
 The ALJ rejected plaintiff's claim for benefits at step four of the five-step evaluative sequence established by the Secretary for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (describing steps in detail). In short, the ALJ found that, despite severe, though unlisted, impairments to her mental health, plaintiff retained the capacity to satisfy the demands and duties associated with her past relevant work as a welfare provider[1] and, consequently, was not disabled. The ALJ discounted the functional significance of plaintiff's alleged physical impairments, which he concluded had little support in the record.
 
 
 5
 Plaintiff challenges the sufficiency of the evidence underlying the ALJ's step four determination, arguing that the limitations imposed by her mental condition preclude any return to her past relevant work.[2] See Aplt.Brief at 7-12. She points out that she would be deemed disabled (at step five of the evaluative process) under the Secretary's medical-vocational guidelines, or "grids," and charges that the "[ALJ's] finding that [she] can perform her past work is a 'smoke-screen' set by the [ALJ] to preclude a full evaluation of this case." Aplt.Brief at 12. For the reasons that follow, we agree with the ALJ's dispositive finding at step four, and we emphasize that "[i]f at any point in the process the Secretary finds that a person is disabled or not disabled, the review ends." Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir.1992) (quoting Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir.1988)) (emphasis added); see Keith v. Heckler, 732 F.2d 1089, 1093 n. 6 (2d Cir.1984) (grids, under which claimant would be deemed disabled, could not be applied where claimant was properly found able to perform past relevant work).
 
 
 6
 Consistent with the pertinent psychological evidence he reviewed in detail, the ALJ found that plaintiff's mental impairments precluded her from performing only work involving more than a mild to moderate level of emotional stress. Relying, appropriately, on plaintiff's own descriptions of her past work as a welfare provider, see Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir.1991) (quoting Social Security Ruling (SSR) 82-62), which reflect the relatively minimal demands made by this occupation, at least in plaintiff's personal experience,[3] see App.Vol. II at 90-93, 116-18, 146-49, the ALJ concluded that plaintiff's functional limitations would not prevent her return to past relevant work. We shall not disturb this reasonable, factually substantiated determination. See generally Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1500 (10th Cir.1992).
 
 
 7
 Plaintiff also contends the ALJ erred in failing to rely on favorable testimony the vocational expert gave in response to a hypothetical posed by counsel. Two considerations undercut this contention. First of all, given the proper determination of this case at step four based on the medical evidence and plaintiff's description of her actual work history, the expert's hypothetical vocational testimony--like the grids discussed already--dealing with the availability of jobs in the national economy would not be germane. See Lucas v. Sullivan, 918 F.2d 1567, 1573 n. 2 (11th Cir.1990) (no need to obtain vocational expert testimony where ALJ concluded plaintiff was capable of performing past relevant work); see, e.g., Santiago, 944 F.2d at 5-7 (affirming ALJ's determination at step four based on plaintiff's description of past relevant work). Secondly, since counsel was able to elicit favorable testimony only by requiring the expert to assume significant physical and mental limitations that the ALJ properly deemed unsubstantiated, such testimony was not binding on the ALJ, in any event. See Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990).
 
 
 8
 Finally, plaintiff argues that, because of her advanced age, she should have been found disabled pursuant to 20 C.F.R. § 404.1563(d), which virtually directs the award of benefits at step five to advanced-aged claimants who have no appreciable skills to transfer to light or sedentary work. See also Emory v. Sullivan, 936 F.2d 1092, 1094-95 (10th Cir.1991). Once again, however, plaintiff relies on a principle that has no application to the ALJ's disposition of this case at step four. The regulations make it abundantly clear that vocational factors such as age and transferable skills do not even come into play unless and until it is determined that the claimant cannot do past relevant work. See 20 C.F.R. § 404.1560(b) ("If you still have the residual functional capacity to do your past relevant work, we will find that you can still do your past work, and we will determine that you are not disabled, without considering your vocational factors of age, education, and work experience."); see also 20 C.F.R. § 1520(a), (e) (if claimant is found disabled or not disabled at any step in evaluative sequence, review does not proceed any further; if claimant can still do past work, she will be found not disabled at step four). See generally Trimiar, 966 F.2d at 1329. Accordingly, notwithstanding plaintiff's advanced age, the ALJ properly concluded his analysis with a finding of nondisability at step four.
 
 
 9
 For the reasons expressed above, we AFFIRM the judgment of the United States District Court for the Eastern District of Oklahoma affirming the Secretary's denial of benefits.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The ALJ also included plaintiff's past work as a waitress in this assessment, but, as we may dispose of this appeal without addressing this less substantiated finding, we express no opinion on whether plaintiff could, in fact, return to waitressing
 
 
 [2]
 Consistent with the sharper focus her claim acquired during the administrative proceedings, plaintiff does not now specifically challenge the ALJ's adverse treatment of her alleged physical disabilities, but only "contends that she is unable to work because of her severe mental impairments." Aplt.Brief at 9. Nevertheless, we have also considered plaintiff's alleged physical disabilities in conjunction with our general review of the record. In light of the paucity of objective corroborative evidence for the degree of impairment alleged--as well as the relatively minimal demands imposed by plaintiff's prior job as welfare provider, discussed infra above--we cannot say the ALJ erred in concluding that plaintiff's alleged physical problems do not impose additional functional limitations significant enough to prevent her from engaging in past relevant work. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991); see also Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir.1990)
 
 
 [3]
 Regardless of occupational demands generally found in the national economy, "[w]here the claimant can still perform the demands and duties of a former job as she actually performed it, a finding of non-disability is appropriate." Santiago, 944 F.2d at 5 & n. 1 (discussing disjunctive test for identifying requirements of past relevant work at step four) (emphasis added); see Social Security Ruling 86-8 (Apr.1986) at 21 (step four determination is made in reference to "either the specific job a claimant performed or the same type of work as it is customarily performed throughout the economy")