986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rudolph F. REYNOLDS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-5134.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1993.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Rudolph F. Reynolds appeals from an order of the district court affirming the final decision of the Secretary of the Department of Health and Human Services denying his application for social security disability benefits. We exercise jurisdiction under 42 U.S.C. § 405(g) and reverse and remand for further proceedings.
 
 
 3
 Mr. Reynolds filed his application for benefits on July 5, 1989, alleging disability since July 15, 1985, due to problems with his heart, lungs, blood pressure, and a nervous disorder. Mr. Reynolds was fifty-nine years old at the time of his application, with a fourth grade education, and past work experience primarily as a sandblaster, but also as a dishwasher and child care attendant.
 
 
 4
 To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The Secretary has established a five-part sequential evaluation process for determining disability. See 20 C.F.R. §§ 404.1520(a)-(f), 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (discussing the five steps in detail). If at any step in the process the Secretary determines that the claimant is or is not disabled, the evaluation ends. Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir.1988).
 
 
 5
 The first three steps are not at issue here--the administrative law judge (ALJ) determined that Mr. Reynolds' claim was still under evaluation after step three of the five-part process. That is, the ALJ determined that Mr. Reynolds had established that he was not currently engaged in substantial gainful activity and had a severe impairment, although he was not conclusively disabled by the nature of his impairment. See 20 C.F.R. § 404.1520(b)-(d).
 
 
 6
 The ALJ denied benefits at step four. The issue at step four is whether the claimant retains the ability to perform the functional demands and job duties of his past work either as he performed the job or as generally required from employers throughout the national economy. The ALJ determined that Mr. Reynolds could not do medium work but retained the residual functional capacity to return to his past jobs as dishwasher or child care attendant, which were not medium work. Rec. Vol. II at 15-16. Therefore, ALJ found that Mr. Reynolds was not disabled. Id. at 16.
 
 
 7
 "The Secretary's decision must be upheld if it is supported by substantial evidence and if the correct legal standards were applied." Hill v. Sullivan, 924 F.2d 972, 973 (10th Cir.1991) (citing Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.1987)). Mr. Reynolds raises four issues on appeal: (1) whether his past jobs as dishwasher and child care attendant were past relevant work; (2) whether the Secretary applied the correct legal standard when he failed to make a finding on the stress level of Mr. Reynolds' past jobs due to his history of cardiovascular disease; (3) whether the Secretary applied the correct legal standard when he failed to call a vocational expert witness; and (4) whether the Secretary applied the correct legal standard when he failed to consider the advanced age regulation in determining the case.
 
 
 8
 A claimant has the burden of proving he cannot return to his past relevant work. The Secretary need not produce vocational expert testimony when the issue is whether the claimant can return to work he has previously performed. See Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992). The ALJ did not err in this regard.
 
 
 9
 In addition, consideration of Mr. Reynolds' age under 20 C.F.R. § 404.1563(d) was not required in this case because the final administrative decision was made at the fourth step of the five-part sequential evaluation process. Section 404.1563(d) relates to age as a vocational factor and becomes relevant only at step five, which the ALJ did not reach. See Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir.1991); Williams, 844 F.2d at 751; 20 C.F.R. §§ 404.1560(b) and (c), 404.1561, 404.1563(a). All the cases cited by Mr. Reynolds involved evaluations at step five. Thus, Mr. Reynolds' argument that the ALJ was required to consider his age on step four is unsupported.
 
 
 10
 Mr. Reynolds' past jobs as dishwasher and child care attendant are past relevant work. The Dictionary of Occupational Titles (D.O.T.) is helpful in answering this question. See Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir.1990); Soc.Sec.R. 82-61.
 
 
 11
 "Past relevant work is defined as work that (1) occurred within the past fifteen years (the so-called recency requirement), (2) was of sufficient duration to enable the worker to learn to do the job (the so-called duration requirement), and (3) was substantial gainful employment." Jozefowicz v. Heckler, 811 F.2d 1352, 1355 (10th Cir.1987) (citing 20 C.F.R. § 41.965(a)); see also Soc.Sec.R. 82-62. Mr. Reynolds argues he did not work at either his dishwashing or child care job long enough to learn the job. There is substantial evidence in the record, however, to support the ALJ's inclusion of these jobs as past relevant work.
 
 
 12
 Mr. Reynolds reported that he washed pots and pans at the Oklahoma Osteopathic Hospital from September 1984 until January 1985--i.e., for four or five months. Rec. Vol. II at 93. This job, as he described it, fits within the job title of "kitchen helper," D.O.T. 318.687-010, pp. 245-46, 1009. This job title is classified at specific vocational preparation level 2; that is, the job can be learned within thirty days. Id. Although Mr. Reynolds did not perform every function described under the job title "kitchen helper," he worked as a dishwasher long enough to learn the job, and it therefore qualifies as past relevant work.
 
 
 13
 Mr. Reynolds testified that he also worked as a child care attendant at Hissom Center, a state facility for the mentally handicapped, for four or five months. Rec. Vol. II at 50. The work he performed, as he described it, falls within the job title of "attendant, children's institution," D.O.T. 359.677-010, pp. 259, 1009. This job title is classified at specific vocational preparation level 3; that is, the job can be learned within thirty days to three months. Id. Although Mr. Reynolds did not perform all of the functions described under the job title, "attendant, children's institution," he worked at the job long enough to learn it, and it therefore also qualifies as past relevant work.
 
 
 14
 However, we consider the record on appeal incapable of meaningful review on the ultimate conclusion that Mr. Reynolds retained the residual functional capacity to return to his past relevant work and was therefore not disabled. The ALJ failed to make certain specific findings required by Soc.Sec.R. 82-62. Ruling 82-62 requires:
 
 
 15
 In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
 
 
 16
 1. A finding of fact as to the individual's RFC [residual functional capacity].
 
 
 17
 2. A finding of fact as to the physical and mental demands of the past job/occupation.
 
 
 18
 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.
 
 
 19
 Soc.Sec.R. 82-62.
 
 
 20
 The Secretary's rulings are binding on the agency. 20 C.F.R. § 422.406(b)(1). However, the ALJ did not make any of these required findings. See Rec. Vol. II at 15-16. Rather, the ALJ found that Mr. Reynolds could not perform medium work, and his past jobs as dishwasher and child care attendant were not medium jobs. The ALJ did not determine, however, whether Mr. Reynolds' RFC was light or sedentary, and whether his past jobs should be categorized as light or sedentary. We point out also that the ALJ failed to make a finding concerning the stress or mental demands of Mr. Reynolds' child care attendant job, even though Mr. Reynolds testified that the job got on his nerves, the "kids" were mentally retarded young adults, and on one occasion, at least, he had to break up a fight. Rec. Vol. II at 50-52.
 
 
 21
 In the absence of these required underlying findings, this court cannot determine whether the Secretary's conclusion that Mr. Reynolds is not disabled is supported by substantial evidence without weighing the evidence and engaging in speculation. This, we may not do. See Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991); Baker v. Bowen, 886 F.2d 289, 291 (10th Cir.1989).
 
 
 22
 The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED to the agency for additional proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3