1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Delmar R. DUKE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-7138.
 United States Court of Appeals, Tenth Circuit.
 July 22, 1993.
 
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Delmar R. Duke appeals from an order of the district court affirming the final decision of the Secretary of the Department of Health and Human Services denying his application for supplemental security income. Mr. Duke claims that he is disabled due to severe back pain and breathing problems. The administrative law judge (ALJ) denied benefits at step four of the five-part sequential evaluation process for determining disability. See 20 C.F.R. Sec. 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (discussing five-step process). The ALJ determined that Mr. Duke retained the residual functional capacity to perform medium work and could return to his past work as a service station attendant and mechanic. The ALJ therefore concluded that Mr. Duke was not disabled. We have jurisdiction under 42 U.S.C. Sec. 405(g) and 28 U.S.C. 1291, and we affirm.
 
 
 3
 Mr. Duke filed the application at issue on October 4, 1989, alleging that he had been disabled by back trouble since 1981. He had previously filed applications for social security benefits in June 1986 and March 1987. Both of these claims were based on back problems, and both were denied. Mr. Duke sought a hearing before an ALJ on his 1987 claim. On September 23, 1987, the ALJ found that Mr. Duke had severe osteoarthritis, bronchitis, and some mild depression, but that his complaints of pain were not credible. The ALJ concluded that Mr. Duke had the residual functional capacity to return to his past relevant work as a service station attendant and mechanic. Mr. Duke did not appeal the ALJ's decision.
 
 
 4
 In evaluating Mr. Duke's 1989 application, the ALJ determined that the evidence did not warrant reopening the 1987 decision and held that the issue of Mr. Duke's disability prior to September 23, 1987, was barred by the doctrine of res judicata. Absent a colorable constitutional claim, which Mr. Duke does not make, we have no jurisdiction to review that decision. See Nelson v. Secretary of Health & Human Servs., 927 F.2d 1109, 1111 (10th Cir.1990); Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir.1990).
 
 
 5
 On this appeal, Mr. Duke contends that the ALJ's 1990 decision that he was not disabled by severe pain was not supported by substantial evidence. As part of that contention, he claims that the ALJ failed to uphold his duty to fully and fairly develop the record and that the record did not support the determination that Mr. Duke had past relevant work as a mechanic. He also contends that the ALJ failed to consider Mr. Duke's advanced age as required by social security regulations.
 
 
 6
 Mr. Duke contends that the five-minute hearing that the ALJ held was far too short for the ALJ to have properly developed the record. The ALJ has a duty to fully develop the record and learn the claimant's version of the facts even where, as here, a claimant is represented by an attorney. See Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir.1993) (lesser duty for represented claimant than for pro se claimant). However, the length of a benefits hearing is not dispositive of whether the ALJ fulfilled his or her obligation. Id. The key inquiry is whether the ALJ developed the record sufficiently to reflect the nature of the claimant's impairments, the on-going treatments and medications the claimant is receiving, and the impact of the impairments on the claimant's daily activities. See Musgrave v. Sullivan, 966 F.2d 1371, 1374-75 (10th Cir.1992).
 
 
 7
 At the hearing, Mr. Duke's attorney asked him several questions concerning his impairments and their effect on his activities. R. Vol. II at 63-64. The ALJ questioned him concerning his medical treatment. Id. at 64. Exhibits in the record further elaborated on Mr. Duke's impairments and how they affected his activities. See, e.g., R. Vol. II at 212, 214-17, 233-38, 250-51. Moreover, Mr. Duke makes no effort to explain what a longer hearing or fuller record would have disclosed. See Born v. Secretary of Health & Human Servs., 923 F.2d 1168, 1172 (6th Cir.1990) (brevity of hearing not dispositive when claimant failed to indicate what information or evidence would have been produced by further questioning). We conclude that in this situation, the ALJ satisfied his obligation to develop the record.
 
 
 8
 Mr. Duke asserts that the ALJ failed to develop the vocational aspects of the case because the record does not show that the six-month period during which he worked as an auto mechanic was of sufficient duration for him to have learned to do the job. See 20 C.F.R. Sec. 416.965(a). We disagree. In his vocational report, Mr. Duke stated that he could not remember all of the places at which he worked over the years, but as a mechanic, he did front-end alignments, balanced wheels, tuned-up engines, repaired brakes, and did state auto inspections. R. Vol. II at 197-201. In addition, the ALJ in 1987 determined that Mr. Duke's past relevant work was as a mechanic and service station attendant, and Mr. Duke did not appeal that determination. Thus, the ALJ in 1990 had adequate information to determine Mr. Duke's past relevant work.
 
 
 9
 The ALJ adequately addressed, under the standards set forth in Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987), Mr. Duke's claim that he is disabled by severe pain. For example, the ALJ noted that between the time of the 1987 ALJ decision and the second ALJ hearing in 1990, Mr. Duke did not seek medical treatment nor did he take any medications for pain. R. Vol. II at 16, 64, 216, 219-20. Examining physician Dr. Cummins found that Mr. Duke experienced no pain during range of motion tests. Id. at 16, 234-37. Though Dr. Greener, an examining chiropractor, stated that Mr. Duke did experience pain in all movements, we conclude that in total there is substantial evidence to support the ALJ's conclusion that Mr. Duke is not disabled by severe pain. See Hill v. Sullivan, 924 F.2d 972, 973 (10th Cir.1991) ("The Secretary's decision must be upheld if it is supported by substantial evidence and if the correct legal standards were applied.").
 
 
 10
 Mr. Duke's final contention is that, because he was fifty-nine years old at the time of the hearing, the ALJ should have considered how Mr. Duke's "advanced age" affected the vocational aspects of this case, (citing 20 C.F.R. Sec. 404.1563(d) and Emory v. Sullivan, 936 F.2d 1092, 1094-95 (10th Cir.1991). There are a variety of weaknesses in this argument, but it is sufficient to point out only that Mr. Duke's advanced age is not relevant here because the ALJ determined that Mr. Duke could still do his past work. See 20 C.F.R. Sec. 416.960(b); Sec. 404.1560(b).
 
 
 11
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3