5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald F. GILL, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-5254.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1993.
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Claimant Donald F. Gill appeals from an order of the district court affirming the final decision of the Secretary of the Department of Health and Human Services denying this, his third application for social security disability and supplemental security income disability benefits. Claimant filed this application for benefits on January 6, 1989, alleging disability since September 17, 1984, due to heart problems and back and leg pain. He was nearly fifty-five years old at the time of the administrative hearing, where he appeared without counsel. He has a high school education and twenty years' past work experience as an airline instrument mechanic.
 
 
 6
 The administrative law judge (ALJ) denied benefits at step four of the five-part sequential evaluation process for determining disability. See 20 C.F.R. Secs. 404.1520, 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (discussing the five steps in detail). That is, the ALJ determined that claimant retained the residual functional capacity to do medium work and, therefore, could return to his past job as an airline electronic instrument mechanic, which was not more than medium work. R.Vol. II-A at 19, 22. Therefore, the ALJ found that claimant was not disabled. Id. at 22. We exercise jurisdiction under 42 U.S.C. Sec. 405(g) and 28 U.S.C. Sec. 1291.
 
 
 7
 "The Secretary's decision must be upheld if it is supported by substantial evidence and if the correct legal standards were applied." Hill v. Sullivan, 924 F.2d 972, 973 (10th Cir.1991). Claimant contends (1) the ALJ's findings of fact are not supported by substantial evidence because the ALJ failed to consider his advanced age and improperly relied on evidence that he engages in minimal daily activities; and (2) the ALJ failed to adequately inform him of his right to counsel, and failed to adequately develop the record by, for example, failing to ask enough questions about the demands of his past work.
 
 
 8
 We do not agree that claimant was not properly advised of his right to counsel. The record shows that he was sent a notice before his hearing before the Social Security Administration which clearly explains a claimant's right to counsel. R.Vol. II-A at 25-26. Claimant appeared at the hearing without counsel, and explicitly waived his right to representation. Id. at 29A-30.
 
 
 9
 We hold that the ALJ did adequately develop the record, even after taking into account the added burden that applies in cases where the claimant is pro se. See Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir.1987). The ALJ conscientiously elicited the facts from claimant, allowing him the opportunity to ask questions of the vocational expert (he had none), and leaving the record open after the hearing for any additional medical information claimant might wish to add. There is substantial support in the record for the ALJ's finding that the physical demands of claimant's past relevant work were not greater than medium work, as defined by the Secretary.
 
 
 10
 An "ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain." Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir.1993). However, it appears from the ALJ's decision that the ALJ merely recited the relevant evidence of record and did not rely on it for any findings made.
 
 
 11
 Consideration of claimant's advanced age under 20 C.F.R. Sec. 404.1563(d) was not required in this case because the final administrative decision was made at step four of the five-part evaluation process. Section 404.1563(d) relates to age as a vocational factor and becomes relevant only at step five, which the ALJ did not reach. See Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir.1991); Williams v. Bowen, 844 F.2d 748, 751 (10th Cir.1988); 20 C.F.R. Secs. 404.1560(b) and (c), 404.1561, 404.1563(a). All of the cases cited by claimant involved evaluations at step five. Thus, claimant's argument that the ALJ was required to consider his age on step four is unsupported.
 
 
 12
 The Secretary's decision is supported by substantial evidence and the correct legal standards were applied.
 
 
 13
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3