25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bonnie M. LAFERRY, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-7069.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Bonnie M. LaFerry appeals from an order affirming the final decision of the Secretary of Health and Human Services denying plaintiff's claim for supplemental security income and disability insurance benefits. The administrative law judge (ALJ) denied benefits at step four of the five-step evaluation process for determining disability, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), finding that plaintiff's impairments did not prevent her from performing her past relevant work. Plaintiff argues that the Secretary's decision was not based on substantial evidence, and that she should have been found disabled pursuant to the Medical-Vocational Guidelines (grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2. We affirm.
 
 
 4
 Plaintiff applied for benefits on February 28, 1990, alleging disability due to degenerative disc disease and internal disc derangement, ankle valgus/pes planus, carcinoma of the right breast, trigeminal neuralgia, glaucoma, and pain. A prior application for benefits had been denied by the ALJ on September 29, 1989, and no appeal had been taken from that denial.
 
 
 5
 Plaintiff's second application was denied initially and on reconsideration. Following a second evidentiary hearing, the ALJ concluded that good cause did not exist to reopen plaintiff's prior application and thus, she was precluded from claiming disability for the period prior to the date of the first ALJ decision. Further, the earlier determination of nondisability created a presumption that she continues to be able to work, and she had not overcome that presumption. Therefore, the ALJ determined that plaintiff was not disabled. The Appeals Council denied her request for review, and the district court affirmed.
 
 
 6
 We review the Secretary's decision to determine whether her findings are supported by substantial evidence and whether she applied the correct legal standards. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
 
 
 7
 Plaintiff first argues the ALJ should have found that she is disabled because of severe pain in her back, foot, and hip. When an allegation of disabling pain is made, the following analysis is applied. First, we consider whether the claimant has established a pain-producing impairment by objective medical evidence. If so, we next consider whether there is a loose nexus between the proven impairment and the subjective allegations of pain. If so, we finally consider both objective and subjective evidence in determining whether the pain is disabling. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir.1993).
 
 
 8
 The ALJ found that plaintiff's impairments caused her some degree of pain and discomfort, thus meeting the first two prongs of the three-part inquiry. The ALJ was required to consider both the objective and subjective evidence in determining whether the pain was disabling.
 
 
 9
 Plaintiff relies on the following medical evidence in support of her claim of disabling pain: Dr. John Coates diagnosed her on March 25, 1985, with low back pain; a June 18, 1985, hospital admission form stated she had severe back pain; on August 1, 1989, Dr. James Mayoza noted that she had lumbar disc disease with instability; on May 29, 1990, Dr. Thomas Goodman reported that she had an adjustment disorder with mixed emotional features secondary to multiple physical problems; and Dr. Ronnie Carr diagnosed her on September 28, 1990, with deteriorated disc disease of the spine, post carcinoma of the breast, tic douloureux, and left foot pain.[2]
 
 
 10
 The Secretary's refusal to reopen the September 29, 1989, denial of benefits is not reviewable under 42 U.S.C. 405(g). Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir.1990). Thus, we examine the pre-September 29, 1989, medical evidence, not to determine whether it establishes a disability, but rather to determine whether plaintiff's condition has deteriorated since that time to the point that she is now disabled. The ALJ found the post-September 1989 evidence did not establish such a disability. Substantial evidence supports that finding.
 
 
 11
 Plaintiff was examined on September 14, 1990, by her treating physician, Dr. Carr. Dr. Carr found that plaintiff walked with no limp or need of assistance, that her gait was normal, and that she claimed she had low back pain only from time to time. She could bend to the side without pain or scoliosis, although she did have some tenderness in the lumbosacral area. Her heel and toe walking were normal. She could flex her cervical spine without pain. No tenderness or muscle spasms were noted.
 
 
 12
 Plaintiff saw Dr. James Bailey in October 1990 and February 1991 for complaints of foot pain. Dr. Bailey found nothing on examination to suggest any kind of thrombophlebitis, and felt plaintiff simply had some mild idiopathic edema. He suggested she lose weight and elevate her feet when she is off them.
 
 
 13
 In an October 1990 examination, Dr. John Sexauer noted that, overall, plaintiff felt well. He recounted that she had had a bout of left ankle pain but was put on medication and the pain was better.
 
 
 14
 The ALJ also was required to evaluate the credibility of plaintiff's subjective allegations of pain, taking into account
 
 
 15
 "the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence."
 
 
 16
 Hargis, 945 F.2d at 1489 (quoting Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir.1988)).
 
 
 17
 The ALJ considered plaintiff's use of medication, its side effects, and her repeated attempts to find relief. He noted, however, that while plaintiff alleged she suffers from disabling pain, she can drive sixty miles to and from an examination. She has no problems sleeping. She cooks, watches television, uses the phone, and visits with friends.[3] She testified that she can stand for thirty to forty-five minutes and can lift ten to fifteen pounds. She carried a small briefcase and large, heavy purse into the hearing without difficulty.
 
 
 18
 The ALJ found plaintiff's testimony credible only insofar as it was consistent with her ability to perform light work. Having examined the record, and according special deference to the ALJ's credibility finding, as we must, see Williams, 844 F.2d at 755, we conclude the finding that plaintiff is not disabled by pain is supported by substantial evidence.[4]
 
 
 19
 Plaintiff next contends the ALJ ignored 20 C.F.R. 404.1563(d), the "advanced age" regulation. This regulation, which relates to age as a vocational factor, becomes relevant only at step five of the five-step evaluation process. See 20 C.F.R. 404.1560(b)(providing that if claimant can perform past relevant work, vocational factors such as age not considered). As this case was decided at step four, the advanced age regulation is irrelevant.[5]
 
 
 20
 Next, plaintiff argues that by considering her demeanor during the hearing in evaluating her claims of disabling pain, the ALJ erroneously decided this case pursuant to the "sit and squirm index." She relies on Teter v. Heckler, 775 F.2d 1104, 1106 (10th Cir.1985), where we held that if the uncontroverted evidence corroborates the claimant's assertions of disabling pain, the ALJ "may not reject [those] assertions on the basis of demeanor alone." However, we later held it was frivolous to suggest that Teter applied where evidence of disability "can hardly be described as uncontroverted," and where the "ALJ's extensive and thoughtful analysis ... [cannot] be remotely likened to the kind of superficial, demeanor-driven judgment precluded by the rule announced in Teter." Gay v. Sullivan, 986 F.2d 1336, 1339 (10th Cir.1993). As in Gay, the evidence of disability in this case hardly can be described as uncontroverted, and the ALJ's analysis was extensive and thoughtful. We therefore reject the argument.
 
 
 21
 Finally, plaintiff argues that the ALJ should have found her disabled pursuant to the grids. The grids apply only at step five of the evaluation process. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, 200.00(introduction)(providing that grids apply where impairments preclude performance of past relevant work). This argument is without merit.
 
 
 22
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Plaintiff conceded at the hearing that her prior bout with cancer and her trigeminal neuralgia (tic douloureux) had been treated successfully and did not prevent her from working. Thus, we limit our consideration of her pain-producing ailments to her back and left foot
 
 
 [3]
 We reject plaintiff's contention that the ALJ could not rely on plaintiff's daily activities to find that she does not suffer disabling pain. While evidence that plaintiff engages in limited daily activities cannot establish the ability to work, such evidence may be considered along with other evidence in determining entitlement to benefits. Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988)
 
 
 [4]
 The ALJ noted that plaintiff's ability to sit for at least an hour in a soft-back cushioned chair at the hearing called into question her testimony that she could sit for only ten to fifteen minutes in such a chair. Plaintiff, in fact, testified that she could sit in a cushioned chair for forty-five minutes to one hour. Appellant's App. Vol. II-A at 123. Notwithstanding this minor error, we still conclude the ALJ's credibility evaluation was proper
 
 
 [5]
 Counsel's contention that the advanced age regulation applies in a step four case has been repeatedly raised and rejected. See, e.g., Gill v. Shalala, No. 92-5254, 1993 WL 318858, at * 2 (10th Cir. Aug. 19, 1993); Duke v. Shalala, No. 92-7138, 1993 WL 279769, at * 2 (10th Cir. July 22, 1993); Reynolds v. Sullivan, No. 92-5134, 1993 WL 34710, at * 2 (10th Cir. Feb. 8, 1993); Hutchins v. Sullivan, No. 92-7074, 1993 WL 34716, at * 2 (10th Cir. Feb. 8, 1993)